IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| GE Power Electronics, Inc., | ) | Civil Action No.: 8:16-708-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| | ) | |
| Cornell-Dubilier Electronics, Inc., and | ) | |
| Cornell-Dubilier Marketing, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

    Plaintiff GE Power Electronics, ("Plaintiff"), brings this breach of contract and products liability action against Defendants Cornell-Dubilier Electronics, Inc. and Cornell-Dubilier Marketing, Inc., ("Cornell Defendants"), pressing contract and tort theories which arise out of a series of commercial transactions between the parties involving the sale and installation of certain electronics products known as capacitors. (ECF No. 1). The matter is presently before the Court on the Cornell Defendants' Motion to Dismiss, (ECF No. 16), filed on May 9, 2016. Plaintiff submitted a Response in Opposition, (ECF No. 20), on June 7, 2016, to which Defendants replied, (ECF No. 25), on June 30, 2016. The Court has carefully considered the pleadings, motions, memoranda and attached exhibits of the parties, and the matter is now ripe for decision.

    In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of a claim which would entitle him or her to relief. See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989); Wilson v. Benedict College, 2006 WL 2433794, *2 (D.S.C. 2006). In considering a motion to dismiss, the Court should accept as true all

well-pleaded allegations and should view the claim in the light most favorable to its proponent. See Mylan Labs., Inc. v. Matkari*,* 7 F.3d 1130 (4th Cir. 1993), cert. denied, 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).

In determining whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the relevant pleading, documents attached as exhibits or incorporated by reference into the pleading, and matters about which the Court may take judicial notice. See E.E.O.C. v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-25 (D.C. Cir.1997). It has been stated that "[t]he court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Spear v. Ernst & Young, 1994 WL 585815, 2 (D.S.C. 1994) (quoting Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). The Fourth Circuit has held that a Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations as true, it appears certain that the claimant cannot prove any set of facts in support of its claim entitling it to relief. Migdal v. Rowe Price-Fleming Intern., Inc., 248 F.3d 321, 325 (4th Cir. 2001).

Applying these basic precepts to the instant case, the Court is firmly of the view that the overwhelming majority, if not all, of the matters raised in Defendants' present 12(b)(6) motion are more properly reserved for a future motion for summary judgment to be filed at the close of some period of discovery between the parties. **WHEREFORE**, in view of the foregoing, the Court hereby **DENIES** Defendants' Motion to Dismiss, (ECF No. 16), dismissing without prejudice and with leave to re-raise on summary judgment any issue appropriate for the Court's consideration at that time. Plaintiff's Motion to Strike Certain Exhibits and Related Portions of Defendants' Rule 12(b)(6) Motion, (ECF No. 21), is likewise **DENIED** with leave to re-raise arguments as

appropriate. Finally, the Clerk of Court is directed to enter a scheduling order in this case immediately upon the filing of an Answer(s) by Defendants so that this matter may proceed toward resolution.

**IT IS SO ORDERED.**

                                                         s/Mary G. Lewis
                                                        United States District Judge

October 5, 2016
Columbia, South Carolina